IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,
         Plaintiff,

v.                                          Criminal No. 1:09MJ71

MARCUS BROOKS,
         Defendant.

**ORDER/OPINION**

This matter is before the undersigned United States Magistrate Judge on Defendant's Motion "To Dismiss Charges Of Possessing A Prohibited Object." [DE 3] Defendant is represented by L. Richard Walker of the Federal Public Defender's Office. The subject motion was filed by Defendant *pro se* subsequent to appointment of counsel[1]. L. Richard Walker notes the obvious lack of any criminal charges pending against his client and also notes that he has no intent to adopt Defendant's pro se motion.[2]

In the absence of charges pending against Brooks, there are no charges for the motion to dismiss to attach and, therefor the motion to dismiss is **DENIED.**

A number of jurisdictions outside of the Fourth Circuit have addressed the situation where a Defendant who is represented by counsel attempts to have the Court consider motions filed *pro se* and which were not adopted by counsel.

In *Downs v. Hubbert*, 171 Fed. Appx. 640 (9th Cir. 2006) 2254, a case not appropriate for

---

[1] L. Richard Walker was appointed to represent the Marcus Brooks on August 25. 2009. The subject motion to dismiss was filed pro se on October 16, 2009. No charges have been filed against Marcus Brooks since the Court opened the case to permit appointment of counsel for Marcus Brooks.

[2] Email from L. Richard Walker to David Godwin and Court chambers staff dated October 16, 2009.

publication the Court stated: "Appellant's pro se motions are denied because appellant is represented by counsel, and only counsel may file motions."

In *U.S. v. Christian*, 193 Fed. Appx. 800 (10th Cir. 2006) 2255, another case not selected for publication Christian sought 2255 relief from a sentence due to alleged ineffectiveness of counsel. The Magistrate Judge conducted a hearing and recommended denial of Christian's motion. Christian filed a pro se request for certificate of appealability and request to proceed ifp. His habeas counsel filed a notice of appeal and request to proceed ifp. "Because he was represented by counsel, the district court denied Christian's pro se motions."

In *Vitatoe v. Jones*, 810 F.2d 204 (6th Cir. 1986), the Court stated: "[D]efendant does not have a Constitutional right under Tennessee Constitution to both represent himself and be represented by counsel" citing *State v. Burkhart*, 541 S.W.2d 365 (Tenn. 1976) and *State v. Muse*, 637 S.W.2d 468 (Tenn Crim. App. 1982); "no error for trial court to refuse to consider pro se motions filed in violation of time requirements and when Defendant was also represented by council."

In *U.S. v. Sandles*, 2008 WL 275684 (EDMich, 2008), Defendant filed two pro se motions to recuse trial judge and counsel filed a motion to recuse the trial judge. The Court stated: "Since Sandles is represented by counsel, his pro se motions for recusal shall be stricken and this court shall consider only the motion filed by counsel."

In *U.S. v. Young*, 2009 WL 163045 (E.D.Pa., 2008), where Young, represented by counsel since arraignment, filed eight pro se motions, the Court declined to consider the motions stating: "A criminal Defendant has a right to counsel. He may alternately proceed pro se, provided that he waives his right to counsel. However, a criminal Defendant has no right to 'hybrid' representation, that is, representation both pro se and by counsel in the same proceeding (internal citations omitted).

Citing a litany of cases, the Court held "because Young was not entitled to 'hybrid' representation both pro se and by counsel, the Court will not consider his pro se motions, except those that have been adopted by his counsel in connection with the motion to withdraw guilty plea." In FN8 the Court stated: "Even if the Court were to consider the pro se motions, they would be denied." The court went further by discussing each motion and the reason it would be denied within the footnote.

In *United States v. Essig*, 10 F.3d 968, 973 (3rd Cir., 1993) the Court held that a court need not consider pro se motions filed by a Defendant who is represented by counsel.

In *United States v. Vampire Nation*, 451 F.3d 189, 206 n. 17 (3d Cir. 2006) the Court noted: "We observe that the District Court docket is replete with pro se motions that Banks filed while represented by counsel. We note that the District Court, perhaps in an attempt to retain control of the proceedings in the face of the [defendant's] onslaught of pro se motions, ordered on March 8, 2005, that the Clerk of Court was not to accept any further pro se filings from Banks. The District Court was within its authority to do so."

Following the reasoning of *Young, Essig* and *Vampire Nation,* this Court then stated on the record of the hearing that, as a general rule, it would not permit Defendants, who were not proceeding *pro se* or under the grant of hybrid representation, to file their own motions when those motions were not adopted by counsel. If permitted to do so, the Court and the government would be forced to respond in every instance to every motion whether spurious or otherwise. The Court therefore stated it would deny the motions as improvidently filed.

Again, following the wisdom of the *Young* trial court, in an abundance of caution, the Court this Court did review Brook's *pro se* motion.

The undersigned therefore finds that, in addition to the reason previously given for denial of the pending motion, Defendant's Motion to Dismiss [DE 3] should be, and hereby is **DENIED as**

**improvidently filed by a Defendant who is represented by counsel who has not adopted the pro se motion.**

The Clerk is hereby directed to withdraw DE 3 from the docket of motions actively pending before this Court.

It is so **ORDERED**.

The clerk is directed to send copies of this Order to counsel of record and to the Defendant.

Dated:   October 19, 2009

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE